```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
                                  :
CHOICE HOTELS INTERNATIONAL,
INC.                              :

     v.                           :   Civil Action No. DKC 2004-3987

                                  :
TOMBSTONE HOSPITALITY, INC.,
et al.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion for default judgment. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's motion will be granted in part.

**I. Introduction**

Defaults were entered against Defendant Apurva G. Patel on March 30, 2005, and against Defendant Tombstone Hospitality, Inc., (collectively, "Defendants") on November 16, 2005, for failure to plead or otherwise defend this suit. Pursuant to Fed.R.Civ.P. 55(b), Plaintiff Choice Hotels International, Inc., now moves this court to enter default judgment against Defendants, who were properly served on January 4, 2005, and April 19, 2005, respectively, but who have failed to respond or appear in this matter. Plaintiff seeks to recover joint and several damages in the amount of $108,582.31, plus interest, and attorneys' fees and costs.

On July 30, 1999, Defendants entered into a franchise agreement and addenda ("Franchise Agreement") with Plaintiff to operate a Quality Inn hotel, at 70 South 37th Avenue, St. Cloud, Minnesota.  On November 10, 1999, Defendants entered into a Technology Services and Software License.  After Defendants began operating under the Franchise Agreement, they used Plaintiff's property and services, including, *inter alia*, Plaintiff's registered service marks and logo designs for Quality Inn, in the management and operation of the hotel. Defendants became obligated to pay Plaintiff monthly royalty fees, marketing assessments, reservation system fees and other franchise-related fees and charges.  Pursuant to paragraph 3 of the Franchise Agreement, Defendants exercised their right to terminate the Franchise Agreement by a letter dated June 22, 2004, with an effective termination date of September 22, 2004.  On June 24, 2004, Plaintiff acknowledged Defendants' election to terminate the Franchise Agreement and reminded Defendants that they were obligated to continue to pay all franchise fees through the September 22, 2004, termination date.  According to Plaintiff, Defendants did not remove Plaintiff's trademarks from the hotel until November 10, 2004.

Plaintiff filed suit on December 20, 2004, asserting the following counts: (1) federal trademark infringement in violation of 15 U.S.C. § 1114; (2) federal unfair competition pursuant to §

2

43(A) of the Lanham Trademark Act, 15 U.S.C. § 1125(a); (3) false designation and description, pursuant to § 43(A) of the Lanham Trademark Act, 15 U.S.C. § 1125(a); (4) misappropriation of advertising ideas or style of doing business; (5) common law trademark infringement; and (6) breach of contract.  Plaintiff seeks to recover unpaid franchise fees and related charges pursuant to the franchise agreement, in the amount of $88,648.87, plus interest at the contract rate of one and one-half percent (1½%) from July 16, 2005, until paid; treble damages for Defendants' unauthorized use of trademarks in the amount of $19,933.44; and reasonable attorneys' fees and costs.[1]

## II. Analysis

Pursuant to Rule 55(b)(1), a default judgment will be entered in favor of Plaintiff upon motion and submission of an affidavit of the amount due "if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."  Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  If the damages are ascertained,

---

[1] Although the proposed order of judgment by default includes an injunction against Defendants from using Plaintiff's marks, Plaintiff did not request an injunction in its complaint or in its motion for judgment by default.  Nor has Plaintiff substantiated its request for the injunction, especially in light of the complaint, which states that Defendants ceased their use of Plaintiff's trademarks in November 2004.

3

determined, and fixed, "or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," a hearing on damages is not mandated. *Id*.

The factual allegations support some of the claims asserted. Regarding Count VI (Breach of Contract), Plaintiff has submitted the requisite affidavit and support for the resulting damages of $88,648.87 for past due franchise-related fees pursuant to paragraph 11c of the Franchise Agreement. The allegations do not, however, state a claim under counts one, two, three, or four for violations of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a) or misappropriation. Plaintiff has not requested treble damages as a civil remedy for violations of these counts.

Regarding Count V (Common Law Trademark Infringement), Plaintiff seeks damages in the amount of $4,983.36 for Defendants' unauthorized use of Plaintiff's trademarks. Calculating the damage award based on royalties Plaintiff would have received is a proper method for measuring damages. *See Ramada Inns, Inc. v. Gadsen Motel Co.*, 804 F.2d 1562 (1986) ("Royalties normally received for the use of a mark are the proper measure of damages for misuse of those marks."). However, Plaintiff has failed to provide documentary evidence or detailed affidavits to support this claim. Specifically, Plaintiff provides what purports to be a summary of the average monthly gross room revenues over a 12-month period before the Franchise Agreement terminated (paper 17), but fails to

4

provide actual documentary evidence in support or any testimonial support for the document.  This conclusory statement is insufficient to support an award for damages.  *See In re Crazy Eddie Sec. Litig.*, 948 F.Supp. 1154, 1160 (E.D.N.Y. 1996) ("[T]he moving party bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate.").

In addition, Plaintiff, without referencing § 1117(a), seeks to treble the award pursuant to the Lanham Act.[2]  An award under Count V, however, would not be based on a violation of the Lanham Act, but on a violation of common law trademark infringement.  Section 1117(a) does not work as to enhance just any damages, but only those damages awarded for violations of various Lanham Act provisions.  Because any award of royalty fees in this case would only be based on a common law claim, and not the Lanham Act, Plaintiff would not be entitled to treble damages.

---

[2]  Plaintiff fails to identify a provision of the Lanham Act related to treble damages, instead, making only a general statement of entitlement.  (Paper 1, at 9).  Nonetheless, based on the language of Plaintiff's complaint and pending motion, the court will rely on § 1117(a) for the applicable law on treble damages.  Furthermore, although treble damages are mandatory under 1117(b), that section has been interpreted as applying only to counterfeit cases and therefore does not apply in this case.  *See U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997); *Nike Inc. v. Variety Wholesalers, Inc.*, 274 F.Supp.2d 1352, 1369 (S.D.Ga. 2003).

Finally, Plaintiff has not made the necessary showing to justify treble damages in any event. Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) provides:

> [T]he plaintiff shall be entitled, ... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

The court has discretion to increase the award of damages up to three times the sum of any actual damages proven, and to reduce or enhance the assessment of profits "as the court shall find to be just, according to the circumstances of the case." § 1117(a). Any such sum awarded "shall constitute compensation and not a penalty." *Id*. In this circuit, district courts are granted a great deal of discretion when determining the appropriateness of treble damages. *See Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 149-50 (4th Cir. 1998) ("[Section 1117] confers a great deal of discretion on a district court in fashioning a remedy for Lanham Act violations").

Even if Plaintiff was entitled to damages under the Lanham Act, it has not made the requisite showing for an award of treble damages. Proof of willful infringement is an important equitable factor in whether to award treble damages under the Lanham Act. *See Banjo Buddies, Inc. v. Renosky,* 399 F.3d 168, 171 (3rd Cir. 2005). *See also Motor City Bagels, L.L.C. v. Am. Bagel Co.*, 50 F.Supp.2d 460, 488 (D.Md. 1999); 5 J. Thomas McCarthy, McCarthy on

6

Trademarks and Unfair Competition § 30.91 at 30-165 n.6 (4th ed. 1996) (willful infringement provides usual basis for enhancing profits award). Willful infringement is more than "the accidental encroachment of another's rights. It involves an intent to infringe or a deliberate disregard of a mark holder's rights." *Securacomm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3rd Cir. 1999). The infringement must be deliberate and calculated, to such a degree that connotes a deliberate intent to "cause confusion, mistake or to deceive." *See Motor City Bagels*, 50 F.Supp.2d at 488.

In this case, Plaintiff has alleged nothing more than that Defendants continued to use the Choice trademarks for period of 48 days after the Franchise Agreement terminated. This is insufficient to support a finding for treble damages under § 1117(a). *See Securacomm*, 166 F.3d at 187 (holding that failure to stop using another's mark upon demand does not necessarily demonstrate willful infringement). While some courts have found willful infringement based upon an infringer's failure to stop using another's mark upon demand, they have done so with a greater showing of the infringer's intent than that provided by the allegations in this case. *See Gorenstein Enters. v. Quality Care-USA, Inc.*, 874 F.2d 431, 435 (7th Cir. 1989) (willful infringement found when infringers were "holding the trademark hostage as a bargaining tactic" to pressure renegotiations or

settlement).  Accordingly, Plaintiff is not entitled to treble damages under the Lanham Act, 15 U.S.C. § 1117(a).

Lastly, the court will grant Plaintiff's reasonable attorneys fees and costs pursuant to paragraph 11d.

### III. Conclusion

Based on the foregoing reasons, judgment will be entered in favor of Plaintiff and against Defendants for past due franchise-related charges and reasonable attorneys fees and costs.  A separate Order will follow.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge